### SANTILLAN *vs.* MOSES.

If improper evidence is permitted to be given to the jury, a new trial will be grant ed, unless the court can see that such evidence could have had no influence upon the verdict.

*It seems* that, in the year 1833 or 1834, the property of the *Missions* in California was confiscated by the Mexican government, with the exception of limited portions reserved for religious purposes; and that, in carrying into execution this law of confiscation, the officers of the Mexican government took possession of the lands and property of the *Mission Dolores*, except a small portion reserved.

Where incompetent evidence was given, which might have had an influence on the minds of the jury in determining whether certain premises in dispute were included within that portion of the *Mission Dolores* which was claimed to have been confiscated, or that portion which was said to have been reserved; *Held*, that a new trial should be granted on the ground of the admission of improper testimony.

The position of the priest of the *Mission Dolores* being analogous to that of a sole corporation in England, he may, in his character of priest, maintain an action in his own name to recover possession of lands of the *Mission* which have been reserved.

APPEAL from the court of First Instance of the district of San Francisco. The plaintiff was the Catholic priest of the *Mission Dolores*, and the premises in controversy constituted a part of what was formerly known as *Mission* land; but the evidence was very uncertain and unsatisfactory upon the question whether the premises were within that portion of the *Mission* property which had been confiscated by the Mexican government, or that portion reserved for the uses of religion. The plaintiff claimed that, being the priest of the *Mission*, he was entitled to possession of the reserved *Mission* property. The only claim which the defendant set up to the land was that he

was in actual possession. The cause was tried before a jury, who found a verdict in favor of the plaintiff, upon which judgment was entered by the court. The defendant thereupon appealed. A bill of exceptions was returned with the record, which set forth the testimony and the exceptions, but in some one of the numerous fires which have occurred in San Francisco it has been lost, and the reporter cannot state what the improper evidence was, by reason of which the judgment was reversed. The cause was argued by

*Wilson Shannon*, for the plaintiff, and

*James C. Holmes*, for the defendant.

*By the Court*, BENNETT, J. The question in this case is upon the right to the possession of the premises in dispute. The plaintiff claims possession, by reason of his being the priest of the *Mission Dolores*. The defendant denies the right of the plaintiff, and claims to hold by virtue of his being in the actual possession of the premises. This appears to be the substance of the issue.

Upon the trial, for the purpose of establishing the claim of the plaintiff, numerous questions were put to his witnesses, and excepted to by the defendant, many of which were improper, and the answers to some of which improper questions may have had, and probably did have, weight with the jury in forming their verdict. In such case the rule is, that, unless it can be seen that the illegal testimony could have had no influence upon the verdict, we ought to grant a new trial ; and it is impossible to tell what weight the jury allowed to the testimony thus improperly elicited.

It would seem that, in the year 1833 or 1834, the property of the *Missions* in California was, with the exception of a portion reserved for the use of the priests and the purposes of religion, confiscated by the Mexican government, and that, in carrying out this law of confiscation, the officers of the government took possession of the lands and property of the *Mission Dolores*,

with the exception of a portion reserved for religious uses. The point in relation to which the evidence improperly admitted may have had an undue weight upon the minds of the jury, is whether the premises in dispute constitute a part of this reservation. If they do not, then, assuming that the confiscation took place as alleged and not denied on the argument, we see no ground upon which this action can be maintained. If they do, we think that the priest, in his character as priest, may maintain the action. The case of *Lineker* v. *Ayeshford* is inapplicable. In that case the plaintiff appeared upon the face of his own declaration to be but a *naked* agent, whereas, the priest appears to have the charge of the church property, or at least of some portions of it, coupled with an interest. His position seems to be more nearly analogous to that of a sole corporation in England, than to that of a naked agent, and the power to sue is an inseparable incident to such corporation. (1 *Blackstone Comm.* 475, 476.)

New trial granted, costs to abide the event.